UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAMES T. CURTIS,

        Plaintiff,

v.                                Case No. 5:03-cv-282-Oc-10GRJ

R.M. WHIDDEN, et al.,

        Defendants.

_____

## <u>ORDER</u>

Plaintiff initiated this case *pro se* by filing a civil rights complaint pursuant to 42 U.S.C. §1983.  Plaintiff is currently proceeding on an Amended Complaint.  (Doc. 63).  In the Amended Complaint, Plaintiff alleges that the Defendants, employees of the Florida Department of Corrections, violated his First and Sixth Amendment rights when they refused to allow him to file a small claims suit and then retaliated against him for filing grievances.[1]  In an order dated March 22, 2005, the Court dismissed Defendants Whidden, Graham, and Shockly, granted summary judgment to Defendant Holmes on Plaintiff's retaliatory transfer claim, and granted summary judgment to Defendant Brogden on Plaintiff's retaliatory disciplinary report claim. (Doc. 96).

As a result, the remaining Defendants in the case are Defendant Jimmy

---

[1]For a further summary of Plaintiff's amended complaint, see this Court's order of March 22, 2005, Doc. 96.

Brogden, Defendant L.E. Holmes, and Defendant L.E. Sanchez. Plaintiff's remaining claim is that Defendants denied him access to the courts. While housed at Lake Correctional Institution, Plaintiff claims that Defendants refused to allow Plaintiff to file a small claims suit, thus causing him the lost opportunity to recover $1100. Now before the Court is Defendants Brogden, Holmes, and Sanchez 's Motion for Summary Judgment. (Doc. 133). Plaintiff has filed a response in opposition to the motion (Doc. 149), and this case is ripe for review.

## Summary Judgment Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party."[2] The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist.[3]

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the

---

[2] Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

[3] Anderson v. Liberty Lobby, 477 U.S. 242, 248 106 S.Ct. 2505, 2510 (1986).

2

nonexistence of genuine issues of fact.[4] If the Court finds that the movant has satisfied the initial burden, the burden shifts to the non-moving party to provide sufficient evidence of every element he or she is required to prove at trial.[5] If the party who has the burden of proof at trial fails to establish even one essential element of the case, "there can be no genuine issue as to any material fact" because the failure to establish one essential element "renders all other facts immaterial."[6] The nonmoving party must go "beyond the pleadings, [and show] that there exist genuine issues of material fact."[7]

## Discussion

It is well established that prisoners have a constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). The Supreme Court has held that the right is founded in the Due Process Clause, Wolff v. McDonnell, 418 U.S. 539, 574 (1974), or the Equal Protection Clause, Pennsylvania v. Finley, 481 U.S. 551, 557 (1987), or in the First Amendment right to petition for a redress of grievances, Turner v. Safley, 482 U.S. 78, 84 (1987) (citation omitted). An indigent prisoner's constitutional right to access the courts is not, however, without limit. The Supreme Court has strictly limited the types of cases for which an injury to the right of access to court may be redressed:

[4] Celotex at 323.

[5] Hairston v. Gainesville Sun Pub. Co., 9 F.3d 913, 918 (1993), *reh'g and reh'g* en banc denied, 16 F.3d 1233 (11th Cir. 1994).

[6] Id.

[7] Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56 (1986).

> Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

Lewis, 518 U.S. at 355.

Thus, to have standing to seek relief for a denial of access to court, a prisoner must show actual injury by showing that the denial actually impeded a non-frivolous claim in only specific types of cases: direct or collateral attacks on sentences and challenges to conditions of confinement.  See  Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir.1998);  Wanninger v. Davenport, 697 F.2d 992, 993 (11th Cir. 1983); see also Glover v. Johnson, 75 F.3d 264, 269 n.6 (6th Cir.1996) (prisoners are not entitled to legal assistance in parental rights matters).

Plaintiff's claim fails under these authorities.  The injury alleged by Plaintiff arose in connection with an attempt to file a small claims suit rather than in a direct appeal, habeas corpus application, or prisoner civil rights claim. Thus, Plaintiff  fails to state an access to courts claim that is cognizable under the Constitution.  See Lewis, 518 U.S. at 355.  Further, assuming arguendo that Plaintiff's remaining claim is cognizable under the Constitution, the Court concludes that Defendants did not

deny Plaintiff access to courts.[8]

## Conclusion

For the reasons set forth in this Order, Defendants Brogden, Holmes, and Sanchez 's Motion for Summary Judgment (Doc. 133) is **GRANTED**. The Clerk shall terminate all pending motions and enter judgment accordingly.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 8th day of August 2006.

_____

UNITED STATES DISTRICT JUDGE

c: James T. Curtis
    Counsel of Record

---

[8]  Plaintiff stated he requested a packet of information relating to filing a small claims suit from Hillsborough County Court.  Thereafter, Plaintiff stated that he could not remember if he filed any of the small claim documents with any court.  (Doc. 136, Exhibit A).  Viewing the evidence in the light most favorable to Plaintiff, it shows Defendants did not deny Plaintiff access to courts.